IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Podiatry in Motion, Inc., )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>Interviewing Services of America, LLC, )<br>and John Does 1-10, )<br>       Defendants. ) | No. 20 C 3159<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss [21] is granted in part. The TCPA claim is dismissed for failure to state a claim, and the Court declines to exercise jurisdiction over the conversion and trespass to chattels claims. Civil case terminated.

## STATEMENT

Plaintiff sues Interviewing Services of America, LLC ("ISA") for violating the Telephone Consumer Protection Act ("TCPA") and alleges state-law claims for conversion and trespass to chattels. ISA moves to dismiss for failure to state a claim.

**Facts**

Plaintiff alleges that it received a fax from ISA in June 2016, addressed to Dr. Michelle Heiring, asking her if she would like to participate in a DocThought.com survey and letting her know that if she did, she would receive an Amazon gift card as a token of appreciation. According to Plaintiff, it did not authorize the sending of the fax, and it and others who received the fax were harmed because the fax was an invasion of privacy and consumed the paper and ink/toner of the recipients.

**Analysis**

ISA asserts that Plaintiff fails to state a claim because the fax is not an advertisement under the TCPA, which defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services . . . ." 47 U.S.C. § 227(a)(5). Similarly, the regulations define advertisement as "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). The term "advertising" is left undefined.

The relevant fax states in full:

    Dear Dr. Heiring:

> DocThought.com is currently looking for physicians to provide feedback for a large-scale market research study. The brief survey will take about 5-10 minutes of your time. This information will be used to better understand trends across the medical field.
>
> Please take 5-10 minutes to answer some basic questions about your practice. For your time, we are offering a token of our appreciation in the form of a $15 Amazon gift card. Upon completion, your reward could take up to 7 days to process and will arrive via email. You will need to provide some basic information to receive your incentive. You will also have the option of joining the community and receiving future invitations to participate in research. There is no obligation to participate.
>
> To begin, visit us at http://join.docthought.com and enter the following verification code below when prompted.
>
> DocThought.com is one of the ISA family of companies operating under the SoapboxSample umbrella. For more than 34 years, ISA has been delivering innovative and high[-]quality market research. We follow the ethical and methodological standards and best practices of the many widely[-]recognized research governing associations. We are committed to maintaining the privacy of our research and we never share your personably [sic] identifiable information with third parties.
>
> If you'd like to unsubscribe from receiving future correspondences from DocThought, or need additional support, please contact us . . . .

(Compl., Dkt. # 1, Ex. A.)

     Some courts in this district have followed a two-step approach in addressing whether a fax violates the TCPA. First, they determine whether the fax, on its face, constitutes an advertisement. *See Phillips Randolph Enters., LLC v. Adler-Weiner Rsch. Chi., Inc*., 526 F. Supp. 2d 851, 853 (N.D. Ill. 2007) ("[M]essages that do not promote a commercial product or service . . . are not solicited advertisements under the TCPA.").[1] Second, even if the "'fax on its

---

[1] *See also P&S Printing LLC v. Tubelite, Inc*., No. 14 C 1441, 2015 WL 4425793, at *4-5 (D. Conn. July 17, 2015) (holding that because the "fax's primary purpose, on its face, was to communicate information," it "d[id] not constitute an 'advertisement' as a matter of law, because it does not tend to propose a commercial transaction and does not appear on its face to have been sent based on a commercial pretext"); *Physicians Healthsource, Inc. v. MultiPlan Servs. Corp*., No. 12 C 11693, 2013 WL 5299134, at *2 (D. Mass. Sept. 18, 2013) (granting motion to dismiss where "the text of the facsimile does not support [the] conclusory allegation" that it "is an advertisement promoting defendants' services").

face is not an overt advertisement,' courts . . . have . . . then looked to [ascertain] whether the fax is a pretext to an advertisement." *James L. Orrington, II, D.D.S., P.C. v. Scion Dental, Inc.*, No. 17 C 884, 2019 WL 4934696, at \*\*3, 5 (N.D. Ill. Oct. 7, 2019). Because Plaintiff neither alleges nor argues in its response brief that the fax is a pretext to advertising, the Court does not address that question here, and limits its inquiry to whether the fax, on its face, constitutes an advertisement.

According to ISA, this Court should follow other decisions concluding that requests for a survey are not advertisements under the TCPA. *See, e.g., Exclusively Cats Veterinary Hosp., P.C. v. M/A/R/C Rsch., LLC*, No. 19 C 11228, 2020 WL 1249232, at \*2 (E.D. Mich. Mar. 16, 2020) (dismissing claim because "the statutory and regulatory text of the TCPA demonstrates that surveys are not advertisements subject to liability"); *Carolyn M. Machonis, O.T., PLLC v. Universal Surv. Ctr., Inc.*, No. 18 C 10978, Dkt. # 26, at 1, 10 (S.D.N.Y. Feb. 21, 2020) (recommending dismissal of TCPA claim because fax invitation to participate in "Vaccines Study" survey was not an advertisement); *Mauthe v. Nat'l Imaging Assocs., Inc.*, No. 17 C 1916, 2018 WL 1960945, at \*2 (E.D. Pa. Apr. 25, 2018) (dismissing TCPA claim based on receipt of a satisfaction survey via fax because "[a] careful review of the faxed document reveals that it neither promotes goods or services, nor seeks to initiate a new transaction"); *Davis Neurology, P.A. v. BSM DoctorDirectory.com, LLC*, No. 16 C 00682, 2017 WL 1528769, at \*1 (E.D. Ark. Mar. 20, 2017) (dismissing TCPA claim because a fax that "offers a $15 honorarium in exchange for the recipient completing a 'short study on complimentary alternative medicine'" is not an advertisement), *vacated on other grounds*, 896 F.3d 872 (8th Cir. 2018); *Phillips*, 526 F. Supp. 2d at 852 (dismissing TCPA claim because a fax that offers a $200 honorarium for participating in a research study is not an advertisement).

In support of its claim, Plaintiff relies on a recent decision from the Third Circuit, in which the court addressed "whether faxes soliciting participation by the recipients in market research surveys in exchange for monetary payments are advertisements" within the meaning of the TCPA. *Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020). The *Fischbein* majority concluded that:

> [T]o be an ad, the fax must promote goods or services to be bought or sold, and it should have profit as an aim. In the context where an entity sends a fax attempting to make a sale, we held that there must be a nexus between the fax and the purchasing decisions of an ultimate purchaser. However, nothing in [prior caselaw] limits an advertisement to a fax that the sender intends will facilitate the sale of a service or product to the recipient. We do not doubt that a recipient of a fax offering to buy goods or services from the recipient would consider the fax to be an advertisement. After all, a fax attempting to buy goods or services is no less commercial than a fax attempting to sell goods or services to the recipient and a fax that is an element of a market research survey is just as commercial as a fax attempting to sell or buy goods or services to or from the recipient. Therefore, it is obvious that a fax seeking a response to a survey is seeking a service.

3

*Fischbein*, 959 F.3d at 562 (internal citation and quotation marks omitted). Pursuant to this reasoning, Plaintiff asserts that "a fax seeking to *purchase* goods or services is just as much a commercial advertisement as a fax offering to *sell* property, goods, or services," and because "the fax [at issue] promotes a service to be bought with profit as an aim," it falls under the protections of the TCPA. (Pl.'s Resp., Dkt. # 25, at 5.) (emphasis added). ISA focuses on the dissenting opinion, which argues that the majority substituted its own meaning of the term "advertisement" for that provided by the statute, stating:

> The [TCPA's] text should lead us to conclude that the faxes presently at issue are not "unsolicited advertisements," since they do not advertise the "commercial availability or quality" of anything. Instead, they seek to *obtain* something – the doctors' survey responses. That means they are outside the scope of the TCPA. Availability, after all, means "the quality or state of being available[.]"

*Fischbein,* 959 F.3d at 565-66 (Jordan, J., dissenting) (citations omitted).

The Court finds persuasive the reasoning of those courts, including the *Fischbein* dissenting opinion, that conclude that surveys are not advertisements within the meaning of the TCPA. Limiting the analysis to the language of the statute, as the Court must, the Court agrees that the instant fax is not making something commercially available; rather, it is asking for the recipient to complete a survey. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, No. 14 C 5602, 2019 WL 527497, at *4 (N.D. Ill. Feb. 11, 2019) ("The Court agrees that the faxes, on their face, do not contain advertising material. Rather, they provide a physician with information about his or her patient and ask the *physician* to perform a service – signing off on the prescription."). Accordingly, ISA's motion to dismiss the TCPA claim is granted.

ISA also moves to dismiss Plaintiff's claims for conversion and trespass to chattels on the ground that any injury is *de minimis*. Because the Court is dismissing the TCPA claim, it declines to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.")

**Conclusion**

For the reasons stated above, the motion to dismiss is granted in part. The TCPA claim is dismissed for failure to state a claim, and the Court declines to exercise jurisdiction over the conversion and trespass to chattels claims.

**Date**: October 5, 2020

_____
**Ronald A. Guzmàn**
**United States District Judge**